Gerald L. MORGAN, Petitioner—
Appellant,

v.

Michael BUDGE; et al., Respondents—
Appellees.

No. 05–15145.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Linda Marie Bell, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

John M. Warwick, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Nevada state prisoner Gerald L. Morgan appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Morgan contends that his trial counsel provided constitutionally deficient representation when he failed to do any pretrial investigation, particularly as to evidence relating to the trajectory of the bullet. However, the state trial court held an evidentiary hearing on this and other issues, and, in light of Morgan's attorney's testimony as to his investigations and strategies, it was not unreasonable for the state court to find that counsel's representation was objectively reasonable. *See* *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (recognizing that there are limits on an attorney's duty to investigate).

■ Morgan also contends that counsel provided ineffective assistance when he failed to object to certain errors in the presentence report. However, the probation and parole officer who prepared the report testified that, even with the noted corrections, the sentence recommendation would have remained the same. Accordingly, the alleged errors did not affect sentencing and there is no ineffective assistance of counsel. *See United States v. Roberts*, 5 F.3d 365, 371–72 (9th Cir.1993).

Finally, Morgan contends that his guilty plea was not knowing and voluntary because his trial counsel coerced him into entering a guilty plea. We disagree, *see* *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and conclude that the state court's decision was reasonable, and there was no misapplication of federal law. *See* 28 U.S.C. § 2254(d).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

